1  Sara B. Brody (SBN 130222)
   sbrody@sidley.com
2  Jaime A. Bartlett (SBN 251825)
   jbartlett@sidley.com
3  Madison J. Ferraro (SBN 339624)
   madison.ferraro@sidley.com
4  **SIDLEY AUSTIN LLP**
   555 California Street, Suite 2000
5  San Francisco, CA 94104
   Telephone: (415) 772-1200
6

7  *Counsel for the Individual Defendants*
   *Skyworks Solutions, Inc., Liam K. Griffin,*
   *Kris Sennesael, Alan S. Batey, Kevin L.*
8  *Beebe, Eric J. Guerin, Christine King,*
   *Suzanne E. McBride, David P. McGlade,*
9  *Robert A. Schriesheim, and Maryann*
   *Turcke and Nominal Defendant Skyworks*
10 *Solutions, Inc.*

11

12 **UNITED STATES DISTRICT COURT**

13 **CENTRAL DISTRICT OF CALIFORNIA**

| 14 | IN RE SKYWORKS SOLUTIONS, INC. DERIVATIVE LITIGATION | Case No. 8:25-cv-00644-DOC-JDE |
|---|---|---|
| 15 | | |
| 16 | | (Consolidated) |
| 17 | This Document Relates to: | **STIPULATION TO STAY** |
| 18 | ALL ACTIONS | **CONSOLIDATED DERIVATIVE ACTION** |
| 19 | | |
| 20 | | Judge: Honorable David O. Carter |

21

22

23

24

25

26

27

28

Plaintiffs Leah Ard ("Plaintiff Ard") and Robert Groppo ("Plaintiff Groppo," and together with Plaintiff Ard, the "Plaintiffs"), defendants Liam K. Griffin, Kris Sennesael, Christine King, Alan S. Batey, Kevin L. Beebe, Eric J. Guerin, Suzanne E. McBride, David P. McGlade, Robert Schriesheim, and Maryann Turcke (the "Individual Defendants"), and Nominal Defendant Skyworks Solutions, Inc. ("Skyworks" or the "Company," and together with the Individual Defendants, "Defendants," and together with Plaintiffs, the "Parties") by and through their undersigned counsel, jointly submit this Joint Stipulation to Stay the Consolidated Derivative Action ("Stipulation"), and in support thereof, state as follows:

**WHEREAS**, on March 31, 2025 Plaintiff Ard filed a shareholder derivative action purportedly on behalf of Nominal Defendant Skyworks against the Individual Defendants, alleging, among other things, breaches of fiduciary duty in connection with alleged false or misleading statements made to the market concerning the Company's financial performance and future prospects captioned *Ard v. Griffin et al.*, Case No. 8:25-cv-00644-SRM-KES (the "*Ard* Action");

**WHEREAS**, on April 11, 2025 Plaintiff Groppo filed a separate shareholder derivative action purportedly on behalf of Nominal Defendant Skyworks against the Individual Defendants, alleging, among other things, breaches of fiduciary duty in connection with alleged false or misleading statements made to the market concerning the Company's financial performance and future prospects captioned *Groppo v. Griffin et al.*, Case No. 8:25-cv-00758-DOC-JDE (the "*Groppo* Action");

**WHEREAS**, on June 17, 2025, the Court consolidated the *Ard* Action and the *Groppo* Action into the action captioned *In re Skyworks Solutions, Inc. Derivative Litigation*, Case No. 8:25-cv-00644-DOC-JDE (the "Consolidated Derivative Action") and appointed Co-Lead Counsel (ECF No. 29);

**WHEREAS**, between March 4, 2025 and April 25, 2025, two related securities class actions were filed in this Court captioned *Nunez v. Skyworks Solutions, Inc.*, Case No. 8:25-cv-00411-DOC-JDE (the "*Nunez* Action") and *Tsvetkov v. Skyworks*

1

*Solutions, Inc.*, Case No. No. 8:25-cv-00863-DOC-JDE (the "*Tsvetkov* Action") which bring claims under the federal securities laws against the Company and two former Company executives, who are also named Individual Defendants in the Consolidated Derivative Action, based on the same alleged false or misleading statements made to the market concerning the Company's financial performance and future prospects;

**WHEREAS**, on May 15, 2025, this Court consolidated the *Nunez* Action and *Tsvetkov* Action into a consolidated action captioned *In re Skyworks Solutions, Inc. Securities Litigation*, Case No. 8:25-cv-00411-DOC-JDE (the "Securities Class Action");

**WHEREAS**, on April 24, 2025, this Court *sua sponte* identified the *Groppo* Action as being related to the *Nunez* Action (*Groppo* Action, ECF No. 16) and the *Groppo* Action was subsequently assigned to this Court;

**WHEREAS**, on May 2, 2025, Plaintiff Ard identified the *Ard* Action as being related to the *Nunez* Action (*Ard* Action, ECF No. 19) and the *Ard* Action was subsequently assigned to this Court on May 15, 2025 (*Id.*, ECF No. 24);

**WHEREAS,** there is substantial overlap between the parties, facts and circumstances alleged in the Consolidated Derivative Action and the Securities Class Action, including the potential relevance of many of the same documents and witnesses;

**WHEREAS**, lead plaintiff plans to file a consolidated amended complaint in the Securities Class Action on or before July 31, 2025 (Securities Class Action, ECF No. 51);

**WHEREAS**, subject to reviewing any consolidated amended complaint that may be filed, it is anticipated that the defendants in the Securities Class Action will file a motion to dismiss the action and the parties to that action have proposed a schedule to the Court whereby briefing on such a motion would be fully submitted by December 20, 2025 (*Id.*);

**WHEREAS**, counsel for Plaintiffs and Defendants in the Consolidated Derivative Action have conferred concerning the most efficient manner in which to litigate the claims and agree that the manner in which the Securities Class Action proceeds will inform the manner in which the Consolidated Derivative Action proceeds; and

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Consolidated Derivative Action and the Securities Class Action, that the Consolidated Derivative Action should be voluntarily stayed on the terms set forth below until the resolution of the anticipated motions to dismiss in the Securities Class Action.

THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their counsel, and subject to the approval of the Court, that:

1.    The Consolidated Derivative Action, including any conferences currently scheduled, shall be stayed, upon the Court's entry of the concurrently filed [Proposed] Order of the Court, until such time as notice is given pursuant to paragraphs 5 or 6 of the Stipulation and the Court thereafter issues an order to lift the stay.

2.    Defendants shall promptly notify Plaintiffs of the filing of any related derivative actions brought on behalf of Skyworks ("Related Derivative Actions").

3.    Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action.

4.    The Parties agree that notwithstanding this stay of this Consolidated Derivative Action, Plaintiffs may designate an operative complaint or file an amended complaint, however, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the Consolidated Derivative Action during the pendency of this

stay.

5.     The Parties shall notify the Court within thirty (30) days after the occurrence of either of the following events and shall set forth in that notice the Parties' positions as to whether the stay should be lifted or continued: (1) the dismissal of the Securities Class Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Class Action in whole or in part such that the Securities Class Action proceeds to discovery.

6.     Any of the Parties to this Stipulation may seek to lift the stay even in the absence of a triggering event described in Paragraph 5 by filing an application with the Court setting forth the reasons the stay should be lifted, and any Party to this Stipulation opposing such an application must file their opposition within ten (10) business days thereafter. Plaintiffs also have the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action by giving fourteen (14) days' notice to counsel for Defendants via email. Defendants may thereafter move to stay the Consolidated Derivative Action but not on the grounds that a Related Derivative Action should proceed before the Consolidated Derivative Action.

7.     Within ten (10) days after the stay of the Consolidated Derivative Action is terminated, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including the date by which Defendants must answer, move, or otherwise respond to an operative complaint.

8.     During the stay, Defendants shall promptly notify Plaintiffs of, and shall include Plaintiffs in, any mediation or formal settlement talks between the parties in the Securities Class Action and in any Related Derivative Action.

9.     Defendants shall provide Plaintiffs, with undersigned counsel as Plaintiffs designated receiving agent, copies of any documents produced by Skyworks in connection with any demand pursuant to Section 220 of the Delaware General

4

Corporation Law, 8 *Del. C.* § 220, within a reasonable time following the production of those documents to the 220 demand stockholder. Such production shall only be made following Plaintiffs' entry into an appropriate confidentiality agreement that permits Plaintiffs to use such documents solely in Plaintiffs' case.

10. Notwithstanding their agreement to stay the Consolidated Derivative Action, the Parties reserve all of their respective rights, claims and defenses in this Consolidated Derivative Action, and no part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses, including that Defendants reserve their right to challenge this action as brought in an improper forum.

DATED: July 14, 2025

**SIDLEY AUSTIN LLP**

By: */s/ Sara B. Brody*

Sara B. Brody
Jaime A. Bartlett
Madison J. Ferraro
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1279
Facsimile: (415) 772-7400
Email: sbrody@sidley.com
jbartlett@sidley.com
madison.ferraro@sidley.com

*Counsel for the Individual Defendants and Nominal Defendant Skyworks Solutions, Inc.*

1    DATED: July 14, 2025

**THE BROWN LAW FIRM, P.C.**

2    By: */s/ Robert C. Moest*

Robert C. Moest

3    2530 Wilshire Boulevard, Second Floor

Santa Monica, CA 90403

4    Telephone: (310) 915-6628

5    Facsimile: (310) 915-9897

Email: RMoest@aol.com

6

7    Timothy Brown

767 Third Avenue, Suite 2501

8    New York, NY 10017

9    Telephone: (516) 922-5427

Email: tbrown@thebrownlawfirm.net

10

11    *Co-Lead Counsel for Plaintiffs*

12

DATED: July 14, 2025

**WOLF HALDENSTEIN ALDER**

13    **FREEMAN & HERZ LLP**

By: */s/ Alex J. Tramontano*

14    Betsy C. Manifold, SBN 182450

15    Alex J. Tramontano, SBN 276666

750 B Street, Suite 1820

16    San Francisco, CA 92101

17    Telephone: (619) 239-5499

Facsimile: (619) 234-4599

18    Email: manifold@whafh.com

19    Email: tramontanto@whafh.com

20

**Rigrodsky Law, P.A.**

21    Vincent A. Licata

22    Leah B. Wihtelin

825 East Gate Boulevard, Suite 300

23    Garden City, NY 11530

24    Telephone: (516) 683-3516

Email: vl@rl-legal.com

25    Email: lw@rl-legal.com

26

27    *Co-Lead Counsel for Plaintiffs*

28

6

STIPULATION TO STAY CONSOLIDATED DERIVATIVE ACTION
CASE NO. 8:25-CV-00644-DOC-JDE

## **ATTESTATION**

I hereby attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all other signatories listed above, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized this filing.

Dated: July 14, 2025                                            /s/ Sara B. Brody
                                                                Sara B. Brody

                        *              *              *

STIPULATION TO STAY CONSOLIDATED DERIVATIVE ACTION
CASE NO. 8:25-CV-00644-DOC-JDE